IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REY COLLADO,               *
Petitioner,                *
                           *
                           *
        v.                 *        Civil No. 07-1490 (FAB)
                           *        Related to Crim. No. 01-745 (HL)
                           *
UNITED STATES OF AMERICA,   *
Respondent.                *
                           *
_____

**OPINION AND ORDER**

BESOSA, District Judge.

        Petitioner Rey Collado, proceeding *pro se*, has moved to vacate,
set aside, or correct his sentence pursuant to section 2255 of Title
28 of the United States Code.  Following a plea of guilty, Collado was
convicted of several conspiracy, drug, and money laundering offenses.
He did not appeal.  He seeks relief claiming ineffective assistance
of counsel, on grounds that counsel misled him into believing that he
would get a lower sentence if he pled guilty, that counsel was
disbarred, and that counsel failed to file a notice of appeal after
being asked to do so.  In response, the United States argues that
Collado's motion is time-barred, and thus foreclosed, because the one-
year statute of limitations to present a claim under section 2255
expired more than three years ago.  In the alternative, the United
States asserts that Collado's claims are contrary to the record.  For
the following reasons, the Court **DENIES** Collado's motion.

Civil No. 07-1490(FAB)
Criminal No. 01-745(HL)                                          Page 2

## I.   BACKGROUND

On January 23, 2002, Collado was charged, along with thirteen (13) other defendants, in a ten-count Superseding Indictment returned by a Federal Grand Jury.  Collado was specifically charged with one count of conspiracy to possess with intent to distribute more than one kilogram of heroin and more than five hundred grams of cocaine in violation of 21 U.S.C. §§ 841, 846, and 890, three counts of aiding and abetting with intent to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. § 814 and 18 U.S.C. § 2, one count of conspiring to commit money laundering in violation of 18 U.S.C. § 1856(h), and three counts of aiding and abetting in money laundering in violation of 18 U.S.C. § 1956 (a)(2)(A).  (Crim. D.E. 71)[1].

On August 2, 2002, Collado pled guilty pursuant to a Plea Agreement under Fed.R.Crim.P. 11(c)(1)(B) to Count One of the Superseding Indictment.  The plea agreement provided that the guidelines calculation resulted in a total offense level of thirty-five (35); there was no stipulated criminal history category.  The parties also agreed that Collado would be allowed to argue a sentence at the lower end of the guidelines range and that the Government would argue for a sentence at the middle of the guidelines range.

During the Rule 11 hearing, the district court addressed Collado in open court and inquired, among other things, into whether he

---

[1]     "Crim. D.E." is an abbreviation for criminal case docket entry.

understood that he was waiving his constitutional right to trial by jury, with all its appurtenant rights and privileges; whether he had been coerced into accepting the plea agreement; whether he understood that the plea agreement, if approved, would not be binding upon the court and that he would not be allowed to withdraw his guilty plea regardless of the sentence imposed; about his knowledge of the maximum sentence permitted under the law; about his competency to plead; about the factual grounds for his guilty plea; and about his general understanding of the effects of the sentencing guidelines.  He also stated that he was satisfied with his counsel's representation, that the plea agreement constituted the entire agreement between the parties, that he had carefully reviewed, understood and agreed with, and signed the plea agreement.

Collado was sentenced on January 16, 2003.  (Crim. D.E. 252). The Court determined that with a total offense level of thirty-five (35) and a criminal history category I, the sentencing guidelines range was between one hundred sixty-eight (168) to two hundred and ten (210) months of imprisonment. He  was  initially sentenced to 189 months.  (Sent. Tr. 22-23).  After the sentence was imposed, counsel requested reconsideration on grounds that there had been no agreement as to a mid-range sentence and that Collado had cooperated with the Government; counsel requested a sentence at the lowest end of the guideline range, i.e., 168 months.  The Court reconsidered and imposed

Civil No. 07-1490(FAB)
Criminal No. 01-745(HL)                                          Page 4

a sentence of 170 months.  (Crim. D.E. 261).  Judgment was entered
January 24, 2003.  (Crim. D.E. 261).

On June 7, 2007, Collado moved to vacate, set aside or correct
the court's sentence pursuant to 28 U.S.C. § 2255 (D.E. 1)[2], and,
after several procedural events, the Government filed its Response on
June 30, 2008.  (D.E. 13).

## II.  DISCUSSION

In his petition, Collado alleges error on the grounds that his
attorney was ineffective by failing to file a direct appeal despite
being requested to do so, that his counsel was ineffective because he
was disbarred, and that his plea was not knowing and voluntary.
Collado's motion, however, is time barred.  The Court notes that he
waited almost four and a half years from the date that his conviction
became final to present his motion, thus, failing to survive the bar
created by the one-year limitation period.

### A.  Section 2255 Standard

Section 2255 allows a convicted person being held in federal
custody to petition the sentencing court to vacate, set aside or
correct a sentence.  A properly filed motion under section 2255 must
allege that (1) the sentence was imposed in violation of the
Constitution or laws of the United States; (2) the sentencing court
was without jurisdiction to impose such sentence; (3) the sentence was

---

[2] "D.E." is an abbreviation for docket entry number.

Civil No. 07-1490(FAB)
Criminal No. 01-745(HL)                                    Page 5

in excess of the maximum authorized by law; or (4) the sentence is

otherwise subject to collateral attack.  Hill v. United States, 368

U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed2d 417 (1962).  Even an error that

may justify a reversal on direct appeal will not necessarily sustain

a collateral attack.  See United States v. Addonizio, 442 U.S. 178,

184-85 (1979).  Habeas review is an extraordinary remedy, and a

section 2255 motion simply is not a substitute for a direct appeal.

Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140

L.Ed.2d 828 (1998).

####    B.    The AEDPA Statute of Limitations

Section 2255, as amended by the Anti-Terrorism and Effective

Death Penalty Act (AEDPA), provides for a one-year statute of

limitations as follows:

> "A 1-year period of limitation shall apply to a motion
> under this section. The limitation period shall run from
> the latest of-
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence."

28 U.S.C. § 2255.

Civil No. 07-1490(FAB)
Criminal No. 01-745(HL)                                        Page 6

Collado's motion is untimely regardless, under all of the above conditions.  In summary, there is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts.  28 U.S.C. §§ 2244(d)(1), 2255. Unless one of the three exceptions applies as provided in section 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(1).  Thus, the relevant date for purposes of considering Collado's motion is "one year following the date on which the judgment of conviction [became] final."  28 U.S.C. § 2255(1).  The statute does not define when a judgment of conviction becomes "final" within the meaning of section 2255.  Some circuit courts of appeal have issued rulings on this issue, however, finding that a final conviction occurs at the expiration for filing a direct appeal. See, Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005)  (holding that for purposes of 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final after it is entered, for the purposes of the § 2255 statute of limitations."); Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation

begins to run, on the date on which the time for filing such an appeal expired.").

Collado's judgment of conviction was entered on January 24, 2003. His judgment of conviction became "final" for purposes of § 2255(1) on February 3, 2004, ten days following entry of judgment. Fed.R.App.P 4(b). Collado filed his section 2255 motion on June 7, 2007, more than four years following finality of judgment. His failure to acknowledge or explain this egregious delay suggests that he was (and remains) simply unaware of or unconcerned with the statutory requirement. Collado's ignorance of the law, however, is insufficient to justify the extraordinary action of departing from the will of Congress as clearly expressed in section 2255. Therefore, having failed to file his motion within one year of the date that his conviction became final, Collado's motion is untimely.

As the Government correctly argues, Collado's claim cannot be saved by the doctrine of equitable tolling. The First Circuit Court of Appeals has yet to decide whether section 2255 is subject to equitable tolling. Cf. Libby v. Magnusson, 177 F.3d 43, 48 n.2 (1st Cir. 1999) (reserving the question whether section 2244(d)(1), which applies to postconviction motions filed by state prisoners, is subject to equitable tolling). Assuming without deciding that equitable considerations apply, however, Collado has not demonstrated facts which would warrant equitable tolling.

Civil No. 07-1490(FAB)
Criminal No. 01-745(HL)                                              Page 8

     The burden of establishing entitlement to equitable tolling rests with the Petitioner.  Drew v. Dep't of Corrs., 297 F.3d 1278 (11th Cir. 2002).  Here, Collado has not shown that he exercised reasonable diligence in seeking collateral relief. His *pro se* status does not merit equitable tolling, see Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Marsh v. Soares, 223 F.3 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his habeas petition entitled Petitioner to equitable tolling of the limitations period).  Because Collado is not entitled to equitable tolling, his Petition is time-barred and must be denied. Had it not been time-barred, it would have failed for setting forth insufficient grounds to support a section 2255 petition.

**III. CONCLUSION**

     For the reasons stated, the Court concludes that Petitioner REY COLLADO is not entitled to federal habeas relief on the claims presented.  Accordingly, it is ordered that Petitioner REY COLLADO's request for habeas relief under 28 U.S.C. §2255 (D.E. 1) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (D.E. 1) is **DISMISSED WITH PREJUDICE.**  Judgment shall enter accordingly.

Civil No. 07-1490(FAB)
Criminal No. 01-745(HL)                                              Page 9

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 10, 2008.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE